1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

                 SAN FRANCISCO DIVISION
18
19  IN RE CELEBREX AND BEXTRA          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:-07-cv-5687-CRB
    _____)
    *This document relates to*         )
21                                     )   **PFIZER INC., PHARMACIA**
    JOHNNIE L. WEST,                   )   **CORPORATION, AND G.D.**
22                                     )   **SEARLE, LLC'S ANSWER TO**
                 Plaintiff,            )   **COMPLAINT**
23                                     )
             vs.                       )   **JURY DEMAND ENDORSED**
24                                     )   **HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION,)
25  G.D. SEARLE LLC, and MONSANTO      )
    COMPANY,                           )
26                                     )
                 Defendants.           )
27  _____)

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3  ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this

4  Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as

5  follows:

6                                          **I.**

7                          **PRELIMINARY STATEMENT**

8         The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

9  Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

10  Defendants may seek leave to amend this Answer when discovery reveals the specific time

11  periods in which Plaintiff was prescribed and used Bextra®.

12                                         **II.**

13                                      **ANSWER**

14                 **Response to Allegations Regarding Parties**

15  1.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

17  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  2.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

20  business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

21  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

22  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

23  Bextra® in the United States to be prescribed by healthcare providers who are by law

---

[1] Plaintiff's Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFF'S COMPLAINT at ¶ 5, Defendants assume Plaintiff means to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.    Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

4.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

5.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party
2  in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.
3  Defendants state that the response to this paragraph of the Complaint regarding Monsanto is
4  incorporated by reference into Defendants' responses to each and every paragraph of the
5  Complaint referring to Monsanto and/or Defendants.

6  6.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed
7  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are
8  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants
9  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,
10 which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to
11 be prescribed by healthcare providers who are by law authorized to prescribe drugs in
12 accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and
13 effective when used in accordance with its FDA-approved prescribing information.  Defendants
14 state that the potential effects of Bextra® were and are adequately described in its FDA-
15 approved prescribing information, which was at all times adequate and comported with
16 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
17 remaining allegations in this paragraph of the Complaint.

18 7.      Defendants state that the allegations in this paragraph of the Complaint regarding
19 "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or
20 information sufficient to form a belief as to the truth of such allegations, and, therefore, deny
21 the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22              **Response to Allegations Regarding Jurisdiction and Venue**

23 8.      Defendants are without knowledge or information sufficient to form a belief as to the
24 truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and
25 the amount in controversy, and, therefore, deny the same.  However, Defendants admit that
26 Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,
27 exclusive of interests and costs.

28 9.      Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations in this paragraph of the Complaint regarding the judicial district in

2    which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny

3    committing a tort in the State of Michigan or the State of California and deny the remaining

4    allegations in this paragraph of the Complaint.

5    10.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA. Defendants admit that they provided FDA-

12   approved prescribing information regarding Bextra®. Defendants admit that they do business

13   in the State of California. Defendants state that Plaintiff's allegations regarding "predecessors

14   in interest" are vague and ambiguous. Defendants are without knowledge or information to

15   form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny

16   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17                    **Response to Allegations Regarding Interdistrict Assignment**

18   11.    Defendants state that this paragraph of the Complaint contains legal contentions to

19   which no response is required. To the extent that a response is deemed required, Defendants

20   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

21   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

22   Panel on Multidistrict Litigation on September 6, 2005.

23                                **Response to Factual Allegations**

24   12.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

26   condition and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny

27   the remaining allegations this paragraph of the Complaint.

28   13.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

2  condition and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny

3  that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this

4  paragraph of the Complaint.

5  14.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

7  condition and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny

8  any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the

9  remaining allegations in this paragraph of the Complaint.

10  15.    Defendants admit that Bextra® was expected to reach consumers without substantial

11  change from the time of sale. Defendants are without knowledge or information sufficient to

12  form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

13  whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining

14  allegations this paragraph of the Complaint.

15  16.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information. Defendants state that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants are without knowledge or information sufficient to form a belief as to the truth of

20  the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

21  and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of

22  the Complaint.

23  17.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

24  steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe

25  and effective when used in accordance with its FDA-approved prescribing information.

26  Defendants state that the potential effects of Bextra® were and are adequately described in its

27  FDA-approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law. Defendants deny the remaining allegations in this

paragraph of the Complaint.

18.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.    To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.     Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   24.    Plaintiff does not allege having used Celebrex® in this Complaint.    Nevertheless,

2   Defendants admit that Celebrex® was launched in the United States in February 1999.

3   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

4   FDA-approved prescribing information.    Defendants admit that, during certain periods of time,

5   Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

6   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7   with their approval by the FDA.    Defendants admit that, during certain periods of time,

8   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

9   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

10  providers who are by law authorized to prescribe drugs in accordance with their approval by the

11  FDA.    The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

12  directed toward Defendants and, therefore, no response is required.    To the extent a response is

13  deemed required, Defendants state that Plaintiff fails to provide the proper context for the

14  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.    Defendants

15  therefore lack sufficient information or knowledge to form a belief as to the truth of such

16  allegations and, therefore, deny the same.    Defendants deny the remaining allegations in this

17  paragraph of the Complaint.

18  25.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

19  on January 15, 2001.    Defendants admit, as indicated in the package insert approved by the

20  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

21  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

22  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

23  ambiguous.    Defendants are without knowledge or information to form a belief as to the truth of

24  such allegations, and, therefore, deny the same.    Defendants deny the remaining allegations in

25  this paragraph of the Complaint.

26  26.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

27  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

28  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

2  allegations in this paragraph of the Complaint.

3  27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

4  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

5  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

6  the remaining allegations in this paragraph of the Complaint.

7  28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

8  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

10  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

11  prescribing information.  Defendants state that the potential effects of Bextra® were and are

12  adequately described in its FDA-approved prescribing information, which at all times was

13  adequate and comported with applicable standards of care and law.  Defendants deny the

14  remaining allegations in this paragraph of the Complaint.

15  29.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which at all times was adequate and comported with applicable standards of care and law.

19  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

20  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

21  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

22  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

23  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

24  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

25  with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

26  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

the Complaint.

30.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.    Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.    Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

36.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

2   sufficient information to confirm or deny such allegations and, therefore, deny the same.

3   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

4   the study for its actual language and text.  Any attempt to characterize the study is denied.

5   Defendants deny the remaining allegations in this paragraph of the Complaint.

6   37.    The allegations in this paragraph of the Complaint are not directed towards Defendants

7   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

8   state that the referenced article speaks for itself and respectfully refer the Court to the article for

9   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

10  the remaining allegations in this paragraph of the Complaint.

11  38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

12  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

13  admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

14  Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

15  referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

16  actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

17  deny the remaining allegations in this paragraph of the Complaint.

18  39.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

20  deny the remaining allegations in this paragraph of the Complaint.

21  40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

22  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

23  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  41.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

26  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

27  and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

44.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

46.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  the Complaint.

2  48.    Defendants deny the allegations in this paragraph of the Complaint.

3  49.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

5  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

6  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

7  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

8  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information.  Defendants

11  state that the potential effects of Bextra® were and are adequately described in its FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.   Defendants are without knowledge or information

14  sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint

15  regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any

16  wrongful conduct and deny the allegations in this paragraph of the Complaint.

17  50.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

19  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

20  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

21  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

22  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

23  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  state that the potential effects of Bextra® were and are adequately described in its FDA-

26  approved prescribing information, which was at all times adequate and comported with

27  applicable standards of care and law.   Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants deny the allegations in this paragraph of the Complaint.

58.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

59.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

2    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

3    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

4    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

5    paragraph of the Complaint.

6    64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

8    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

9    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

10    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

11    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

12    accordance with their approval by the FDA.  Defendants admit, as indicated in the package

13    insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

14    symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

15    primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

16    allegations in this paragraph of the Complaint.

17    65.    Defendants state that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.  Defendants state that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendants are without knowledge or information sufficient to form a belief as to the truth of

22    the allegations in this paragraph of the Complaint regarding and whether Plaintiff used

23    Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

24    Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the

25    remaining allegations in this paragraph of the Complaint.

26    66.    Defendants state that Bextra® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants are without knowledge or information sufficient to form a belief as to the truth of

3  the allegations in this paragraph of the Complaint regarding and whether Plaintiff used

4  Bextra®, and, therefore, deny the same. Defendants state that Plaintiff's allegations regarding

5  "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

6  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

7  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

8  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

9  Complaint.

10  **Response to First Cause of Action: Negligence**

11  67.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

12  Complaint as if fully set forth herein.

13  68.    Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is deemed required.    To the extent a response is deemed required,

15  Defendants admit that they had duties as are imposed by law but deny having breached such

16  duties. Defendants state that the potential effects of Bextra® were and are adequately described

17  in its FDA-approved prescribing information, which was at all times adequate and comported

18  with applicable standards of care and law. Defendants state that Bextra® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information. Defendants

20  deny the remaining allegations in this paragraph of the Complaint.

21  69.    Defendants state that this paragraph of the Complaint contains legal contentions to

22  which no response is deemed required.    To the extent a response is deemed required,

23  Defendants admit that they had duties as are imposed by law but deny having breached such

24  duties. Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

26  this paragraph of the Complaint.

27  70.    Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is required. To the extent that a response is deemed required, Defendants

1  admit that they had duties as are imposed by law but deny having breached such duties.

2  Defendants state that Bextra® was and is safe and effective when used in accordance with its

3  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

4  were and are adequately described in its FDA-approved prescribing information, which was at

5  all times adequate and comported with applicable standards of care and law.  Defendants deny

6  any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

7  including all subparts.

8  71.    Defendants state that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants are without knowledge or information sufficient to form a belief as to the truth of

13  the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

14  and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining

15  allegations in this paragraph of the Complaint.

16  72.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  73.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

24  that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

25  paragraph of the Complaint.

26  74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28  75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage and deny the remaining allegations in this paragraph of the Complaint.

2    76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    **Response to Second Cause of Action: Strict Liability**

5    77.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    78.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Bextra®, and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach

10   consumers without substantial change in the condition from the time of sale.  Defendants admit

11   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

12   in the United States to be prescribed by healthcare providers who are by law authorized to

13   prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

14   certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

15   tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

16   healthcare providers who are by law authorized to prescribe drugs in accordance with their

17   approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used

18   in accordance with its FDA-approved prescribing information.  Defendants state that the

19   potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

20   information, which was at all times adequate and comported with applicable standards of care

21   and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   79.    Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny the allegations in this paragraph of the Complaint.

27   80.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

4  allegations in this paragraph of the Complaint.

5  81.     Defendants state that this paragraph of the Complaint contains legal contentions to

6  which no response is deemed required.   To the extent a response is deemed required,

7  Defendants state that Bextra® was and is safe and effective when used in accordance with its

8  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

9  were and are adequately described in its FDA-approved prescribing information, which was at

10  all times adequate and comported with applicable standards of care and law.  Defendants deny

11  that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

12  of the Complaint, including all subparts.

13  82.     Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

18  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

19  Complaint.

20  83.     Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

25  allegations in this paragraph of the Complaint.

26  84.     Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

86.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

92.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

94.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

95.    Defendants deny the allegations in this paragraph of the Complaint.

96.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

97.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

98.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

100.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

102.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

103.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

106.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the

3    Complaint.

4    107.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Bextra®, and, therefore, deny the same.  Defendants admit, as indicated in the package insert

7    approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

8    of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

9    dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10   108.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.  Defendants

14   deny the remaining allegations in this paragraph of the Complaint.

15   109.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was expected to reach

18   consumers without substantial change in the condition from the time of sale.  Defendants deny

19   the remaining allegations in this paragraph of the Complaint.

20   110.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

25   Complaint.

26   111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

27   damage, and deny the remaining allegations in this paragraph of the Complaint.

28   112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

5    114.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    115.    Defendants state that this paragraph of the Complaint contains legal contentions to

8    which no response is deemed required.    To the extent a response is deemed required,

9    Defendants admit that they had duties as are imposed by law but deny having breached such

10    duties.    Defendants state that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.    Defendants state that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny the remaining allegations in this paragraph of the Complaint.

15    116.    Defendants state that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.    Defendants state that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

20    the Complaint, including all subparts.

21    117.    Defendants state that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.    Defendants state that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

26    the Complaint.

27    118.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.    Defendants state that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

129.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

130.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.  Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the

occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Twenty-second Defense**

2   22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

3   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

4   and Plaintiff's causes of action are preempted.

5

**Twenty-third Defense**

6   23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

7   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

8   issue under applicable federal laws, regulations, and rules.

9

**Twenty-fourth Defense**

10  24.    Plaintiff's claims are barred in whole or in part because there is no private right of

11  action concerning matters regulated by the Food and Drug Administration under applicable

12  federal laws, regulations, and rules.

13

**Twenty-fifth Defense**

14  25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

15  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

16  of Comment j to Section 402A of the Restatement (Second) of Torts.

17

**Twenty-sixth Defense**

18  26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

19  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

20  Restatement (Second) of Torts § 402A, Comment k.

21

**Twenty-seventh Defense**

22  27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

23  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

24  to § 6 of the Restatement (Third) of Torts: Products Liability.

25

**Twenty-eighth Defense**

26  28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

27  Products Liability.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the State of Michigan, and the Constitution of the State of California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Thirty-seventh Defense**

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Michigan and California. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

-36-

1    *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

2    538 U.S. 408 (2003).

3                              **Thirty-ninth Defense**

4    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

5    and marketing of Bextra®, if any, used in this case, included adequate warnings and

6    instructions with respect to the product's use in the package insert and other literature, and

7    conformed to the generally recognized, reasonably available, and reliable state of the

8    knowledge at the time the product was marketed.

9                               **Fortieth Defense**

10   40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11   manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12   the time of the sale.

13                             **Forty-first Defense**

14   41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

15   and belief, such injuries and losses were caused by the actions of persons not having real or

16   apparent authority to take said actions on behalf of Defendants and over whom Defendants had

17   no control and for whom Defendants may not be held accountable.

18                             **Forty-second Defense**

19   42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21   intended, and was distributed with adequate and sufficient warnings.

22                             **Forty-third Defense**

23   43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24   waiver, and/or estoppel.

25                             **Forty-fourth Defense**

26   44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

27   pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28   illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    independent of or far removed from Defendants' conduct.

2                                    **Forty-fifth Defense**

3    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4    did not proximately cause injuries or damages to Plaintiff.

5                                    **Forty-sixth Defense**

6    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

7    did not incur any ascertainable loss as a result of Defendants' conduct.

8                                   **Forty-seventh Defense**

9    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10   manufacturing, labeling, packaging, and any advertising of the product complied with the

11   applicable codes, standards and regulations established, adopted, promulgated or approved by

12   any applicable regulatory body, including but not limited to the United States, any state, and

13   any agency thereof.

14                                   **Forty-eighth Defense**

15   48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

16   product labeling contained the information that Plaintiff contends should have been provided.

17                                    **Forty-ninth Defense**

18   49.    The claims asserted in the Complaint are barred because the utility of Bextra®

19   outweighed its risks.

20                                     **Fiftieth Defense**

21   50.    Plaintiff's damages, if any, are barred or limited by the payments received from

22   collateral sources.

23                                    **Fifty-first Defense**

24   51.    Defendants' liability, if any, can only be determined after the percentages of

25   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

26   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

27   claimants and each and every other person whose fault could have contributed to the alleged

28   injuries and damages, if any, of Plaintiff.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

1.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiff's claims are barred by MCL 600.2946(5).

### Fifty-ninth Defense

2.    Plaintiff's claim for non-economic damages is capped pursuant to MCL 600.2946a.

### Sixtieth Defense

3.    To the extent Plaintiff proves that the products in question caused or contributed to any injury they may have suffered, which is denied by these Defendants, these Defendants should not be liable to warn as Plaintiff cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

### Sixty-first Defense

4.    Defendants assert all of the protections and defenses afforded them, and Plaintiff's claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL 600.2957 and MCL 600.2959.

### Sixty-second Defense

5.    The product alleged to have caused damages may not have been used in the manner and for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable purpose and in an unforeseeable manner may have proximately caused or contributed to the

alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant to MCL 600.2947.

### Sixty-third Defense

6.   Plaintiff's claim for non-economic damages is barred for the reason that Plaintiff's percentage of comparative fault is greater than the aggregate fault of the Defendants and non-parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable, must be reduced in total or part pursuant to 600.2946(a).

### Sixty-fourth Defense

7.   The claims set forth in Plaintiff's Complaint are barred in that the product in question was provided to a sophisticated user. In this case, the "user" would include any prescribing physician.

### Sixty-fifth Defense

8.   Plaintiff failed to make every reasonable effort to mitigate, prevent and/or reduce their alleged damages, injuries, and monetary losses.

### Sixty-sixth Defense

9.   Plaintiff's claims, part of Plaintiff's claims, or evidence relating to Plaintiff's claims may be barred in whole or in part due to possible spoliation of evidence by Plaintiff, or those within Plaintiff's control or with full knowledge of Plaintiff.

### Sixty-seventh Defense

10.   Any claims for punitive damages are barred in that they are not allowable under Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further violate Defendants' constitutional rights under the following clauses of the United States Constitution, as well as any similar provisions under the Michigan Constitution: Commerce Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines and Equal Protection.

11.

### Fifty-eighth Defense

12.   Defendants reserve the right to supplement their assertion of defenses as they continue

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with their factual investigation of Plaintiff's claims.

## V.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

1    January 17, 2008                              GORDON & REES LLP

2

3                                                  By: :_____/s/_____

4                                                    Stuart M. Gordon
                                                     sgordon@gordonrees.com
5                                                    Embarcadero Center West
                                                     275 Battery Street, 20th Floor
6                                                    San Francisco, CA 94111
                                                     Telephone:  (415) 986-5900
7                                                    Fax:  (415) 986-8054

8
     January 17, 2008                              TUCKER ELLIS & WEST LLP
9                                                  .

10

11                                                 By: :_____/s/_____

12                                                   Michael C. Zellers
                                                     michael.zellers@tuckerellis.com
13                                                   515 South Flower Street, Suite 4200
                                                     Los Angeles, CA  90071-2223
14                                                   Telephone:  (213) 430-3400
                                                     Fax:  (213) 430-3409

15
                                                     Attorneys for Defendants
16                                                   PFIZER INC., PHARMACIA
                                                     CORPORATION, AND G.D. SEARLE
17                                                   LLC

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:-07-cv-5687-CRB

1

## JURY DEMAND

2        Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   January 17, 2008                          GORDON & REES LLP

6

7                                             By: :_____/s/_____

8                                             Stuart M. Gordon
                                              sgordon@gordonrees.com
9                                             Embarcadero Center West
                                              275 Battery Street, 20th Floor
10                                            San Francisco, CA  94111
                                              Telephone:  (415) 986-5900
11                                            Fax:  (415) 986-8054

12

13  January 17, 2008                          TUCKER ELLIS & WEST LLP

14

15                                            By: :_____/s/_____

16                                            Michael C. Zellers
                                              michael.zellers@tuckerellis.com
17                                            515 South Flower Street, Suite 4200
                                              Los Angeles, CA 90071-2223
                                              Telephone:  (213) 430-3400
18                                            Fax:  (213) 430-3409

19                                            Attorneys for Defendants
                                              PFIZER INC., PHARMACIA
20                                            CORPORATION, AND G.D. SEARLE
                                              LLC

21

22

23

24

25

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

ANSWER TO COMPLAINT – 3:-07-cv-5687-CRB